In re **KENTECH CORPORATION,**
Debtor.

**Bankruptcy No. 3–83–00892.**

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 21, 1983.

August A. Klapheke, Ford, Klapheke & Meyer, Louisville, Ky., for debtor-in-possession.

James S. Goldberg, Goldberg & Simpson, P.S.C., Louisville, Ky., for creditor, Microband.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

In a circuitous fashion, this Chapter 11 debtor moves the Court for an order directing a creditor, Microband, to continue furnishing cable television wire service or signal for the debtor's customers pursuant to 11 U.S.C. § 366.

In December of 1982, an executory contract (Consent to Assignment and Multipoint Distribution Service Agreement) was entered into by these parties. On May 2, 1983, the debtor filed a petition for Chapter 11 relief listing Microband as a creditor. At the time of filing, there was due Microband a disputed sum covering pre-petition services rendered in providing the cable signals for transmission by the debtor to its customers of cable television programming.

Microband thereafter moved the debtor to accept or reject this executory contract. After several hearings, on November 3, 1983, this Court directed the debtor to make such election on or before November 7, 1983. Pursuant thereto, the debtor filed a written rejection of this executory contract. As a result of post petition services rendered and using the debtor's calculations of the rate structure under the tariff, there is due and owing Microband the sum of $22,-878.00 for post petition services through September, plus approximately $7,600.00 (at the rate of $5,200.00 per month) for an additional forty-five days. The lone post

petition payment of $6,901.00 has been given credit in the above balance due as an administrative expense.

The debtor acknowledges that by virtue of this rejection the pre-petition debt due Microband in an amount to be determined is an unsecured claim, while the accrued post petition debt is an administrative expense to be paid upon confirmation of the plan. The debtor now seeks by motion pursuant to 11 U.S.C. § 366 to require of Microband a continuation of the services formerly provided under the executory contract of December, 1982. Debtor submits that the service provided is a "utility" as envisioned by 11 U.S.C. § 366, and that this motion filed within twenty days of the rejection of the executory contract meets the criteria mandated by 11 U.S.C. § 366(b). The debtor further tenders a sum equal to one month's service rate as adequate assurance of future payments.

It is unquestioned that a continuation of the services formerly rendered under the executory contract are crucial to the reorganization efforts of the debtor.

As noted in 11 U.S.C. § 366, the debtor must elect such relief within twenty (20) days of the date of relief. The debtor submits "the date of the order of relief" noted in § 366(b) may be the date of any interlocutory or final order entered subsequent to the filing of the petition, and the § 366(b) election may therefore be exercised within the prescribed time frame subsequent to any such orders.

The issues here presented are: (1) is the provider of a cable television wire service or signal for resale over debtor's facilities a "utility" as defined in 11 U.S.C. § 366; and (2) when is "the date of the order of relief" for purpose of computing the twenty-day election period denoted in § 366(b).

■ The purpose of the elective rights in 11 U.S.C. § 366 is to assure continuation of requisite utility services by a debtor upon timely request therefor, and upon adequate assurance of future payment for the service including such deposit as is determined necessary to guarantee performance thereof.

Assuming for purposes of this opinion, without a factual finding thereof, that Microband is a "utility" provider as envisioned in 11 U.S.C. § 366, two elements must be established prior to granting debtor the relief sought, i.e., was the election timely and what will constitute adequate assurance of future performance.

■ Sections 301 and 302 clearly indicate the commencement of a voluntary case under a chapter of this Title constitutes *an order for relief* under such chapter (emphasis added). To accept the debtor's rationale that subsequent orders may be the trigger point of the § 366(b) election period is without merit. This logic would render useless a specifically stated election period where an unending stream of post petition orders would reinstate repeated election periods. The purpose of the election period is to place all parties on notice of that reasonable time frame within which the decision must be made by the debtor to assure uninterrupted utility service after the filing of a petition, and to factually determine what constitutes "adequate assurance" in return for the forced continuation of service.

■ The debtor cannot reject under 11 U.S.C. § 365 and accept under 11 U.S.C. § 366 once the twenty-day period has run from the date of the order for relief. To so allow would emasculate the creditor's remedies under § 365 and permit the debtor to totally circumvent the effect of a rejection while retaining the fruits of the contract through § 366. This was not the intent of the Code and will not be here permitted.

It must be noted that the debtor's financial condition totally precludes an acceptance of the executory contract notwithstanding such services being essential to a successful reorganization. A review of the monthly financial reports reflects that the assets have remained constant since the filing of the petition at approximately $278,000.00. However, the liabilities have shown a sharp increase from $301,800.00 at the end of June, 1983, to $340,000.00 at the end of September, 1983.

WHEREFORE, based on the above findings of fact and conclusions of law, it is the opinion of the Court that the debtor has officially rejected the executory contract of the creditor Microband.

It is further the opinion of the Court that the election to invoke the relief under 11 U.S.C. § 366 is not timely and is therefore denied.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 21st day of November, 1983.